
ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
STACEY MANNING

               Petitioner,

-against-

WILLIAM PHILLIPS, Superintendent,

               Respondent.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. CV-04-4095 (FB)

*Appearances:*
For the Petitioner:
STACEY MANNING, *pro se*
#01-A-2521
Green Haven Correctional Facility
Post Office Box 4000
Stormville, NY 12582

For the Respondent:
RICHARD A. BROWN, ESQ.
District Attorney, Queens County
By: ELLEN C. ABBOT, ESQ.
Assistant District Attorney
125-01 Queens Boulevard
Kew Gardens, New York 11415

**BLOCK, Senior District Judge:**

      Petitioner Stacey Manning ("Manning") seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 following his conviction in New York Supreme Court, Queens County, on second-degree depraved indifference murder and first-degree intentional manslaughter charges in connection with a 1998 beating in which Manning repeatedly stomped and kicked a homeless man in the head; the man later died from his grievous injuries. In Manning's *habeas* petition,[1] he claims that (1) the depraved indifference murder and first-degree manslaughter counts should have been submitted in the alternative, and the jury

---

[1] Manning moved for leave to amend his petition; the Court denied his motion. *See* Order of July 19, 2006.

1

verdict convicting him of both is inconsistent, and (2) he was deprived of his right to effective assistance of counsel; the Government concedes that these claims have been exhausted.

The facts of this case present a textbook example of a circumstance in which it is appropriate to conjunctively charge depraved indifference murder and first-degree manslaughter, as the evidence could easily support convictions for both crimes.[2] Manning, for no apparent reason, stomped on the head of a homeless man for several minutes, causing the man to suffer multiple hemorrhages, hematomas and contusions to the brain; in light of these acts, a jury could reasonably have concluded that Manning committed acts that both were "inten[ded] to cause serious physical injury to another person" in violation of New York Penal Law § 120.20(1) and "recklessly . . . create[d] a grave risk of death to another person" in violation of New York Penal Law § 125.25(2). *See Sweet v. Bennett*, 353 F.3d 135 (2d Cir. 2003) ("The fact that [the perpetrator] was convicted of committing an act with the intent to cause physical injury . . . does not rule out the possibility that he also unintentionally (and recklessly) created a risk of . . . death."). It was therefore proper to charge depraved indifference murder in tandem with intentional manslaughter, and

---

[2]The Government contends that Manning's inconsistency claim is barred from *habeas* review by an adequate and independent state procedural ground because the New York Appellate Division deemed that it was "not preserved for appellate review," *People v. Manning*, 756 N.Y.S.2d 496, 496 (2d Dep't 2003), and that Manning has failed to show (a) cause and prejudice or (b) that a fundamental miscarriage of justice will result if the Court does not consider his claim. See Mem. of Law in Opp. to Pet. for Writ of Habeas Corpus at 17-18. The Court agrees, but nevertheless decides the claim on the merits.

2

conviction on both charges does not present any inconsistency.³

Manning also claims that his counsel was ineffective because he failed to object when the trial court failed to charge depraved indifference murder and first-degree manslaughter in the alternative; as discussed, these charges were not inconsistent, and counsel's failure to object to the charge was, therefore, not unreasonable. Further, trial counsel was pursuing a wholesale acquittal on the theory that the Government's witnesses had not credibly identified Manning, and his decision not to request that the counts be charged in the alternative reflected a reasonable professional judgment that presenting alternative charges to the jury would weaken his misidentification defense. Manning's ineffective assistance claim thus fails the two-prong standard articulated in *Strickland v. Washington*, 466 U.S. 668 (1984): counsel's representation did not fall "below an objective standard of reasonableness . . . under prevailing professional norms," *Strickland*, 466 U.S. at 688; further, the overwhelming evidence against Manning negates any "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would

---

³This is true under any view of depraved indifference murder: under the recklessness *mens rea* standard that was used when Manning's conviction was finalized, a reasonable juror could find that Manning recklessly created a grave risk of death; likewise, under the heightened depraved indifference *mens rea* standard articulated in the *Policano* line of cases (which in any event does not apply to Manning's conviction, see *Policano v. Herbert*, 7 N.Y.3d 588, 603 (N.Y. 2006) ("This raises the question whether our post-*Sanchez* case law applies retroactively. . . [w]e conclude that it does not.")), Manning's actions fall squarely within the fact pattern outlined in *People v. Suarez*, 6 N.Y.3d 202, 212 (N.Y. 2005) ("[T]he crime [of depraved indifference murder] is. . . established when a defendant - acting with a conscious objective not to kill but to harm - engages in. . . a brutal, prolonged and ultimately fatal course of conduct against a particularly vulnerable victim.").

3

have been different." *Id.* at 694.

Manning's § 2254 motion is denied. Because Manning has failed to make a substantial showing of the denial of a federal right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

s/Hon. Frederic Block
_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
December 14, 2007