UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
STACEY MANNING,

                Petitioner,

    -against-

WILLIAM LEE,

                Respondent.[1]
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 04-CV-4095 (FB)

*Appearances:*
*For the Petitioner:*
STACEY MANNING, *pro se*
01A2521
Green Haven Correctional Facility
Post Office Box 4000
Stormville, NY 12582

**BLOCK, Senior District Judge:**

        Stacey Manning ("Manning") is currently incarcerated pursuant to state-court convictions for second-degree murder and first-degree manslaughter. The Court previously denied Manning's petition for a writ of *habeas corpus* and his motion to vacate the denial pursuant to Federal Rule of Civil Procedure 60(b). Manning has now filed a second Rule 60(b) motion.

        "[R]elief under Rule 60(b) is available for a previous *habeas* proceeding only when the Rule 60(b) motion attacks the integrity of the previous *habeas* proceeding rather than the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d)(1), William Lee is substituted for his predecessor, Richard Ercole, as Superintendent of Green Haven Correctional Facility.

2004). When a Rule 60(b) motion "seeks to add a new ground for relief," it is deemed a second or successive *habeas* petition. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). As such, it is subject to the preclearance requirement of 28 U.S.C. § 2244(b)(3)(A): "Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Manning's Rule 60(b) motion plainly advances a new claim, namely that the district attorney failed "to provide sufficient evidence to convict petitioner of Depraved-Indifference Murder, in violation of petitioner's clearly-established Federal due process rights." Pet'r's Mem. of Law 1. Indeed, Manning acknowledges that he moved the Second Circuit for leave to raise the claim in a successive petition, and that his motion was denied. *See id.*, Ex. (Mandate dated June 26, 2012). The Court has no authority to second-guess the Second Circuit's ruling or to ignore the plain language of § 2244(b)(3)(A).

Accordingly, Manning's Rule 60(b) is deemed a successive *habeas* petition and dismissed as not authorized under § 2244(b)(3)(A).

**SO ORDERED.**

                                                                                    _____
                                                                                     FREDERIC BLOCK
                                                                                     Senior United States District Judge

Brooklyn, New York
June 6, 2013